# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLE MAXFIELD (aka RICHARD MAXFIELD),<br><br>          Plaintiff,<br>     v.<br><br>NORTH CENTRAL INDUSTRIES, et al.,<br><br>          Defendants. | CASE NO: 06-CV-2733 W (JMA)<br><br>**ORDER DENYING JOINT MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |

On April 3, 2008, the parties filed a stipulation/joint motion to set aside the clerk's entry of default against defendant R. Brown, Inc. On April 10, 2007, Plaintiff's attorneys filed declarations objecting to the motion. Plaintiff argues, in essence, that the stipulation was the result of a mistake of fact, misrepresentations and/or mistake of law.

Because Plaintiff has withdrawn his support for the motion, the Court **DENIES** the joint motion to withdraw the clerk's entry of default (Doc. No. 53). Defendant, therefore, must file a noticed motion to set aside the clerk's entry of default. Before

filing any such motion, Defendant must first obtain a hearing date from the Court's law clerk.[1]

In light of this order, defendant R. Brown, Inc.'s summary-judgment motion filed on April 7, 2008 is terminated. (Doc. No. 55.)

**IT IS SO ORDERED.**

DATED: April 21, 2008

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] At this time, the Court need not decide whether Plaintiff is bound by the stipulation. If Defendant believes the issue is relevant, it may raise the issue in a formal motion to set aside the default.